[No. 3,985]

## EDWIN TOMLINSON v. J. W. HOLT.

LIABILITY OF OWNER OF VESSEL.—If the registered owner of a vessel appoints her master, with an agreement that the master shall have the entire control of the vessel, and victual and man her, and make contracts of affreightment, and divide the gross earnings with the owner, the owner is liable on contracts of affreightment made by the master with shippers who have no notice of the arrangement between the master and the owner.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The defendant was the registered owner of the schooner "Spud," engaged in carrying freight from Hookton to Eureka, Humbold County. A short time before the 3d day of November, 1872, he made a verbal agreement with H. S. Soule, by which the latter was to sail the schooner as master, and victual and man her, and give Holt, the owner, one third of the gross earnings. Soule had not sailed the "Spud" within two years before the contract was made. On said 2d day of November, the plaintiff shipped on the schooner, at Hookton, to be carried to Eureka, a quantity of potatoes and oats, which were receipted for by Soule. The schooner and cargo were lost in the brakers, on the bar, at Humbold Bay, on the 3d of November. This action was brought to recover the value of the oats and potatoes. One of the defenses set up in the answer was, that said Soule, as master and charterer, made the contract to carry the freight, and that the schooner was chartered to him, by a verbal agreement, by which he was to victual, man, and navigate the schooner for his own use, and at his own expense, and collect and appropriate to his own use the earnings, and that the defendant had no control of the management of the schooner. The testimony on the trial tended to show that the plaintiff had no notice of the arrangement between the defendant and Soule. On the trial, the Court charged the jury as follows:

"1. The plaintiff's complaint charges that at the time the schooner 'Spud' was lost that defendant, Holt, was a com-

mon carrier, and as such common carrier that he contracted with the plaintiff, Tomlinson, to carry the property, the value of which is sued for herein, from Hookton to Eureka. The burden of proof is upon the plaintiff to establish such propositions by a preponderance of testimony, and unless he has done so then your verdict must be for the defendant.

"2. If you find that plaintiff by his agent, Smith Fulmore, contracted with H. S. Soule to transport the property in controversy from Hookton to Eureka, and that such contract was made by said Soule for and on his own behalf, then your verdict must be for the defendant.

"3. Defendant was not liable as a carrier merely by virtue of his ownership of the 'Spud;' it must also have been in his employment so as to make him a party to the contract for carriage. The criterion of liability is not ownership but employment. The party who has control of a vessel, and in whose business it is engaged, is alone answerable to the freighter, and if at the time the 'Spud' was lost Soule, by his contract with defendant, was entitled to and did have the control, possession, command and navigation of said ' Spud,' then your verdict must be for the defendant.

"4. If, at the time the schooner 'Spud' was lost, H. S. Soule had her employed under a lease from defendant, Holt, and by the terms of such lease said Soule had the exclusive possession, command, and navigation of said 'Spud,' then your verdict must be for the defendant.

"5. If you find from the evidence that at the time of the loss of the schooner 'Spud' such schooner was employed under an agreement with the defendant by H. S. Soule, the master of said schooner, on shares, and that said H. S. Soule at that time manned and victualed said vessel at his own expense, and paid all expenses of running her except for repairs, and was carrying freight upon said schooner and collecting the freight-money and accounting to the owner only for his share of such freight-money, and that said Soule had at that time, by virtue of said agreement, exclusive control and possession of her, then your verdict will be for the defendant."

The plaintiff excepted to the instructions. The jury ren-

dered a verdict for the defendant, and the plaintiff moved for a new trial, which was denied, and he appealed from the order denying a new trial, and from the judgment.

*Chamberlin & De Haven*, for the Appellant, argued that the instructions given to the jury were erroneous, and particularly the second and fifth, because the Court failed to add that the jury must also find that plaintiff had notice of the terms of the agreement between Soule and defendant, if any such existed, making Soule the owner *pro hac vice*, before they would be warranted in finding for the defendant, and cited *Oakland Cotton Manufacturing Company* v. *Jennings* (46 Cal. 175.)

*Buck & Stafford*, for the Respondent, argued that the case of the *Oakland Cotton Manufacturing Company* v. *Jennings*, turned on the fact that the owner had appointed Jennings master, and thus held him out to the world as his authorized agent, and afterwards, without giving notice, had made a private contract with him to run the vessel on shares, while in the case at bar Soule had not been appointed master, but had contracted to run the vessel on shares.

By the Court, McKINSTRY, J.:

In *The Oakland Cotton Manufacturing Company* v. *Jennings* (46 Cal. 175), it was held that if the registered owner of a vessel appoints her master, with an agreement that the master shall have the entire control of the vessel, and victual and man her, and make contracts of affreightment, and divide the gross earnings with the owner, the owner is liable on contracts of affreightment made by the master with shippers who have no notice of the arrangement between the master and the owner.

No substantial difference has been pointed out between the agreement attempted to be proved in this case and that established in the case above cited. It is not a material circumstance that Soule had not sailed the vessel as master merely, before the agreement was made. *The Oakland Cotton Manufacturing Company* v. *Jennings*, was based on the broad

proposition that when the shipper delivers his goods, in ignorance of the vessel having been chartered or let to him, and deals with the master as clothed with the ordinary authority of a master, to receive goods and give bills of lading on behalf of his owners, he will be entitled to look to the owners as responsible for the safe carrying of the goods.

Judgment and order denying new trial reversed, and cause remanded for a new trial.

Neither Mr. Justice CROCKETT nor Mr. Justice RHODES expressed an opinion.